CHICAGO, ST. LOUIS, AND NEW ORLEANS RAILROAD COMPANY *v.* FRANCIS V. TROTTER.

1. RAILROAD. *Injury to passenger. Action therefor. Proof.*
In an action against a railroad company by one claiming to have received injuries to his person as a passenger on the defendant's train, it is not sufficient for the plaintiff to prove the injuries alone, but it devolves upon him to show negligence on the part of the defendant, unless the injury resulted from a cause which ordinarily exists only by reason of the negligence of the carrier.

2. SAME. *Fall of passenger. Negligence of whom. Case in judgment.*
T., a young lady, purchased a ticket with the intention of becoming a passenger on a railroad train, and in attempting, at night, to enter the train while it was standing at a station, walked off of the front platform of the ladies' car and was physically injured by the fall.  She sued the railroad company for damages, alleging that the accident was caused by the negligence of the defendant in not having sufficient lights about the train.  *Held,* that accidents of this character are not such as are ordinarily caused only by the negligence of the carrier.

3. SAME. *Sect. 1059, Code 1880, construed.*
Sect. 1059 of the Code of 1880 is in the following language: "In all actions against railroad companies for damage done to persons or property, proof of injury inflicted by the running of the locomotives or cars of such company shall be *prima facie* evidence of the want of reasonable skill and care on the part of the servants of such company, in reference to such injury." This provision is not applicable to a suit against a railroad company, where the cause of action arises *ex contractu,* but is limited to suits by those who, being neither shippers nor passengers, have been injured in their persons or property.

APPEAL from the Circuit Court of Montgomery County.

Hon. C. H. CAMPBELL, Judge.

The appellee purchased a ticket from the agent of the appellant from Winona to Grenada.  In attempting to enter,

at night, the passenger train at Winona, she fell from the platform, which was in front of the ladies' car, the fall dislocating her wrist and permanently injuring her arm. The train was not in motion at the time of the accident. She brought this suit against the railroad company for $15,000 damages, alleging that the injury was caused by the negligence of the defendant in not having sufficient lights about the train. The ninth instruction for the plaintiff was as follows: " In the exercise of common skill and care of common carriers of passengers, the law requires that they shall have their cars properly lighted, and their platforms and entrances protected against danger, so that a person of ordinary prudence would not be injured in getting on their cars, and if the jury believe from the evidence that plaintiff, in attempting to get on defendant's car, was injured, and they further believe that plaintiff exercised ordinary prudence under the circumstances, then, unless the jury believe by a preponderance of evidence that defendants were without fault in such injury, they will find for the plaintiff." The tenth instruction for the plaintiff was in the following words: " If the jury believe upon the evidence that plaintiff purchased a ticket from defendants for the purpose of taking passage on defendant's cars, fell and was injured, then it is *prima facie* evidence of the want of reasonable skill and care on the part of said defendants, and unless the jury from the evidence believe that defendants have shown by the evidence that the injury was not owing to any want of skill or care on their part, then they will find for the plaintiff." The jury found a verdict in favor of plaintiff for $2,409, and from the judgment of the court thereon the defendant railroad company appealed..

*W. P. & J. B. Harris*, for the appellant.

The ninth instruction requires the defendant to be absolutely without fault in the manner of lighting its cars and the entrances, and the jury's belief on this point must be founded on a preponderance of evidence. The state of the law is that the arrangements for the safety of passengers must be such as are

usual, such as have been adopted and acted on, as shown by experience to be sufficient. Without some standard furnished by the court a jury would take their own conceptions as to what was a fault, on taking a view of the accident after it occurred. The tenth instruction misconstrues the Code 1880, sect. 1059, or if it proceeded on the common law, misstated that. The statute has no application. As the law stood at the date of the decision in 50 Miss. 572, there was a well defined class of cases of injuries inflicted upon persons not passengers, and property not freight, by the "running of locomotive and cars." A very large class of cases, the killing of stock, collisions with vehicles, the killing or wounding of human beings. See instances, Thompson on Neg., p. 1232, sect. 4, and cases collected; 2 Am. & Eng. R. R. Cas. 124. The railroad company, empowered by law to run the locomotive, and being on its own track, it devolved on the plaintiff in all such cases to prove negligence affirmatively. In very many cases this was impossible. The case cited from 50 Miss. brought this feature of the common law into conspicuous prominence. The act of 1876 was passed to change the common-law rule in that class of cases, and had no reference to passengers and freight, as to both of which there was ample protection. The carrier is the insurer of freight, and in almost every case of injury to passengers the nature of the accident, the cause of the injury, proved negligence, that is to any *res ipsa loquitur*, as the spreading of the track, the running off of the train, the falling in of a bridge or tressel, the collision of trains. No one ventured to say that in respect to either passengers or freight there is any ground of objection to the state of the law. Indeed, the railroad companies had cause to murmur. The act of 1876 (Acts 1876, p. 34), had no reference to those who had relations to the railroad company established by contract as its language. It refers to the outside public, — "damages to persons, stock, or other property by the running of the locomotive, or cars, or other machinery, or damages done by any person in the employment of such company." This language

points to active agency by the movement of trains and positive wrongs by the servants of companies.

Sect. 1059 omitted the matter of injuries by servants, and limited, perhaps, the scope of the act of 1876, superseding that act.

*McInnis, Knox & McLean*, for the appellee.

The ninth instruction was proper. Hutch. on Car. 803. In the case of an injured passenger, a presumption would arise from the natural instinct of self-preservation that he was at the time of the accident in the exercise of due care and caution for personal safety, and that the injury was solely attributable to the conduct of the party proven to have been in fault, and if the carrier would relieve himself from legal liability for the damage received by his passenger, by reason of the negligence of the latter, the burden is upon him to make it appear. The tenth instruction is not applicable to this case, but upon the authority of the common law and sect. 1059 of the Code of 1880 is the law. It would be placing a wrong construction on sect. 1059 to argue that a train which has steam — the motive power — a conductor, engineer and all officers and temporarily stopped at a station for the reception of passengers was not a running train, and that the accident was not caused by the running of the train, within the meaning of the statute. But, in addition to this, see Hutch. on Car., sect. 801, where it is held, that whenever it appears that the accident was of that kind which, according to common experience, does not usually occur except from some fault of the carrier himself or his servants, or from some imperfection in his conveyance or its appliances, or from the unsafe condition of his road, a *prima facie* case is made against him.

COOPER, J., delivered the opinion of the court.

The court erred in giving the ninth and tenth instructions for the plaintiff.

A common carrier of goods is an insurer, and proof of injury or loss entitles the sufferer to a recovery, not because this

is evidence of negligence, but because, whether negligent or not, the carrier is responsible for their safety. In an action by a passenger, it is not sufficient to prove injury alone ; negligence must also be shown, and the burden of proof is upon the plaintiff. Hutch. on Car., sect. 497. As to injuries resulting from causes, which ordinarily exist only by reason of the negligence of the carrier, it has been held that proof of the injury and the character of the carrier is sufficient to establish a *prima facie* right of recovery, and to entitle the plaintiff to judgment unless rebutting testimony is introduced by the carrier. Hutch. on Car., sect. 801, and authorities cited.

In the present case, it is certainly established by the witnesses for the plaintiff as well as those for the defendant, that at the time of the accident the train was not in motion, and that plaintiff was injured by walking or falling from the platform of the ladies' car, which she was endeavoring to enter. We cannot say that accidents of this character are ordinarily caused by the negligence of the carrier.

The negligence charged was the failure of the railroad company to properly light the entrance to the cars, and upon this question the testimony was exceedingly conflicting.

Sect. 1059 of the Code of 1880 is not applicable in cases of suits by persons standing in a relation of contract with carriers. By its terms it applies only when the injury is caused "by the running of the locomotives or cars of such company," and in such cases proof of injury is *prima facie* evidence of the want of "reasonable skill and care."

Shippers of goods are not required to show any negligence on the part of the carrier to entitle them to recover for damage done to the goods, and passengers in suits for injuries to their persons are required to show only an absence of the utmost care and prudence. The words of the statute are appropriate only when considered as referring to suits by persons, neither shippers nor passengers, when property or persons have been injured.

If the Legislature had been considering persons contracting with carriers, it would presumably have given the same protection to patrons of steamboats as to those of railroads, and in any event would not have limited the operation of the statutes to cases in which the damage was done by the *running* of the trains, but would have extended it to any injury, however caused. For these reasons we think the statute does not apply in suits brought by a passenger, and cannot be invoked by the appellee in support of the instructions given in her behalf.

The judgment is reversed and cause remanded for a new trial.