SUSAN BERRY ET AL v. CUMBERLAND TELEPHONE & TELEGRAPH
COMPANY ET AL.

[50 South. 59.]

ELECTRIC WIRES. *Injuries from. Pleadings.*

A declaration in an action against two telephone companies, a traction company and a city, for the death of a servant of one of the telephone companies, is not demurrable by the other telephone company, if it charge that said company, having wires, which, if overcharged with electricity, were so near those belonging to the city's fire alarm system as to overcharge them, and negligently allowed its uninsulated wires to be and remain in close proximity to high voltage wires of the traction company thereby communicating death-dealing electricity to an otherwise harmless wire of the city fire alarm system with which the decedent came in contact and consequently was killed while working on his master's line.

FROM the circuit court of Forrest county.

HON. WILLIAM H. COOK, Judge.

Mrs. Berry, and others, appellants, were plaintiffs in the court below; the Cumberland Telephone & Telegraph Company, the Home Telegraph Company, the Hattiesburg Traction Company and the City of Hattiesburg, appellees, were defendants there. From a judgment sustaining the demurrer of the Home Telephone Company to the plaintiffs' amended declaration and a judgment, predicated of a peremptory instruction in favor of the other defendants, the plaintiffs appealed to the supreme court.

The amended declaration averred that the city of Hattiesburg, as part of its municipal fire alarm system apparatus, maintained and controlled a system of electrical fire alarm boxes connected with its central fire station by wires which extended along the streets of the city and which were normally charged with a low voltage of electricity commonly known as a "low potential" voltage, insufficient to produce death to a person coming in con-

tact with the wires; that the Cumberland Telephone & Telegraph Company and the Home Telephone Company in their respective telephone businesses severally maintained and controlled a system of telephone wires in the city, the wires extending along the streets in the usual manner upon poles and normally carrying a low voltage of electricity; that the Hattiesburg Traction Company, operating and controlling an electric light plant in the city, maintained along the streets of the city a system of wires, likewise strung upon poles and carrying a very highly charged current of electricity known as a "high potential" voltage, very dangerous and requiring a high degree of insulation; that the city fire alarm wires were strung in part upon the two telephone companies' respective poles and in part upon the poles of the Hattiesburg Traction Company, with the consent of the companies and municipality named, but habitually in contact at no points; that on August 31, 1908, the Hattiesburg Traction Company negligently placed and allowed to remain in improper position guy wires without proper insulation at points where there was great probability of contact with the wires of the other defendants, and as a result, on the date named, the insufficiently insulated and highly charged wires of the Traction Company had come into contact with the wires of the other defendants thereby charging all of the wires with a death-dealing voltage; that the two telephone companies and the city of Hattiesburg knew of such negligent conditions and that each of the defendants failed to remedy or attempt to correct or guard against the same; and that the telephone companies' wires were not properly insulated at points where the contact was probable and where it actually occurred; that on the date named, and after sufficient time had elapsed within which the appellees could easily have remedied the dangerous conditions, Frederick L. Berry, a lineman employed by the Cumberland Telephone & Telegraph Company, in obedience to orders of the last named telephone company, climbed one of the poles of his company and while so doing and without knowledge of the danger, came into contact with one of

the city fire alarm wires, and was instantaneously killed by the deadly current of electricity; that his death was caused by the negligent construction, operation and maintenance of the several wires owned by the several appellees respectively and by the negligent conduct of each and all of them in permitting wires carrying a high voltage of electricity and wires carrying a low voltage to be placed, uninsulated, in close proximity to each other and strung upon the same poles. The declaration demanded damages, as a result of the death, in favor of plaintiffs, the widow and children respectively of the deceased.

The Home Telephone Company demurred to the amended declaration on the grounds that it was not shown to have in any way been guilty of the death or in any way proximately liable therefor. The other defendants pleaded the general issue and gave notices thereunder of contributory negligence on the part of the deceased causing his death. The evidence showed that the wires were strung as set forth in the amended declaration, and that shortly before the hour of Berry's death there had been a heavy rain storm accompanied by severe lightning and that at a designated point the wires had become deranged causing short circuits of electricity; that Berry, the deceased, in obedience to the orders of his superior officers of the Cumberland Telephone & Telegraph Company climbed a creosoted pole of the said company and while standing upon the cross-arms of the pole caught hold of a fire alarm wire of the city with his bare hand and was thereby so severely shocked that he fell from the pole to the ground below causing his death. The guy wires of the Home Telegraph Company had become crossed with the wires of the Hattiesburg Traction Company and with the wires of the city fire alarm system and had so continued for some hours before Berry climbed up the telephone pole to his death.

After the verdict the defendants moved for a new trial on the alleged ground of newly discovered evidence of one Coll, but on the hearing of the motion it was proved that Coll had been several times in the court room during the trial of the case and

had several conferences with counsel for appellants during that time.

*Torrey & Logan,* for appellants.

The court below erred in overruling the demurrer of the Home Telephone Company to the amended declaration. The averments of the amended declaration sufficiently stated a cause of action against the Home Telephone Company as well as against the other appellees. *Temple v. McComb City, etc., Co.,* 89 Miss. 1, 42 South. 874; *Herbert v. Lake Charles, etc., Co.,* 35 South. 731, 64 L. R. A. 101; *Standard Light Co. v. Munsey,* 76 S. W. 931; 15 Cyc. 472.

It must be conceded by the appellants that no liability for the death of the decedent is shown on the part of the Cumberland Telephone & Telegraph Company. But it is difficult to see how the court below granted the peremptory instruction in favor of the other appellees, since the facts clearly showed that some one, if not more, of the appellees was liable for the death of Berry. The very fact that the fire alarm wire, usually carrying a small voltage of electricity, had become charged with an unusual and deadly volume of electricity, showed that there was improper insulation somewhere, and that some one of the appellees had failed to do its duty. Under the evidence, no one of the appellees can be heard to contend that it did not have notice of the defective conditions for several hours before Berry met his death. It was for the jury to determine which appellee was liable. The witness, Foster, testified that when he made investigation to determine what caused the death, he found that the wires of the Home Telephone Company had come into contact with the heavily charged wires of the Hattiesburg Traction Company and also with a wire of a city fire alarm box. The very fact that wires capacitated to carry a low voltage of electricity had been placed permanently in close proximity to the high voltage wires of the Hattiesburg Traction Company, without proper insulation, showed a cause of action. *Anderson v.*

*Cumberland, etc., Co.,* 86 Miss. 341, 38 South. 786; *Farmer v. Cumberland, etc., Co.,* 86 Miss. 55, 38 South. 775; *Aberdeen v. Sykes,* 59 Miss. 236; *Carson v. Leathers,* 57 Miss. 650; *Von Trebra v. Laclede Gaslight Co.,* 209 Mo. 648, 108 S. W. 559.

Persons or corporations handling the dangerous agencies of electricity, are bound and justly bound, to the very highest measure of skill and care in dealing with these deadly agencies.

It was error in the court below not to grant the motion of appellants for a new trial. An unsuccessful party in a suit is entitled to a new trial when he discovers after trial new evidence of such character as will convince the court that an injustice has been done and that a new trial will change the result. 14 Ency. Plead. & Prac. 790.

*Harris & Willing,* for the appellee, Cumberland Telephone & Telegraph Company.

The record in this case plainly shows, and counsel for the appellant, in their brief, have candidly conceded that no case was made against the Cumberland Telephone & Telegraph Company.

We, therefore, respectfully submit that the judgment of the court below as to the Cumberland Telephone & Telegraph Company, should be affirmed.

*Stevens, Stevens & Cook,* for the appellee, Hattiesburg Traction Company.

The evidence is clear and positive that the violent rain, wind, and electric storm was abating at the time Berry went up the pole, and that flashes of lightning were still to be seen. He was put on notice that trouble existed in the wires of the Cumberland Telephone and Telegraph Company and was sent for the express purpose of clearing up the trouble. The evidence clearly shows that it was negligence on his part to ascend the creosoted pole under the conditions and without proper protection. We shall not, however, dwell upon the defense of contributory negligence,

but we respectfully submit that the evidence shows that the deceased acted very imprudently, and appellants should be precluded from recovery on that account. There was absolutely no need or occasion for deceased to reach over and take hold of the fire alarm wire, especially when he could have taken hold of the top of the pole above the collection of telephone wires. It is difficult to understand what motive deceased had in touching the city fire alarm wire, which the evidence shows was about two feet above the telephone wires.

Upon the proposition that the trial court should have permitted the case to go to the jury, we submit that instead of a conflict of testimony appearing in the record for a decision by jury, the positive testimony for appellants showed no liability against any defendant and especially against the Hattiesburg Traction Company, and there was no issue of fact for the jury to consider. We submit that to cite cases from our own court as to when the testimony of a plaintiff in any action should be excluded and a peremptory instruction granted to defendant, certainly approaches reflection upon the knowledge of this high tribunal. We take it as settled law that if the trial court would not and could not let the verdict of the jury stand, the peremptory instruction should be granted. In this case the jury had no basis of fact for certifying liability against any defendant, and no issue of fact to reflect over and solve. It is true our decisions condemn trial courts in deciding what is and what is not contributory negligence, but the motion to exclude in this case was not based on the fact of contributory negligence. Appellants are bound by their own testimony exonerating appellees.

*T. Brady, Jr.,* also for the appellee, Hattiesburg Traction Company.

It was shown in evidence that several other companies and business concerns were operating in the city of Hattiesburg by means of the agency of electricity, at the time of the injury to the deceased. As the evidence fails actually to show either the

proximate or remote cause of the death, the court below was warranted in granting the peremptory instruction. It is true that the death resulted from contact of the deceased with a highly charged wire at the time when he was upon a telephone pole; but the appellants failed to show the liability of any of the appellees for the death. And in any event it cannot be held that the deceased was shocked by electricity communicated to the wire by the plant of the Hattiesburg Traction Company. If any one of the appellees was negligent, it was the city of Hattiesburg rather than the Hattiesburg Traction Company.

The court below properly overruled the motion of appellant for a new trial. Due diligence was not shown in ascertaining the alleged newly discovered evidence of the witness, Coll. *Richardson v. State,* 68 Miss. 349; *Cooper v. State,* 53 Miss. 393.

*Sullivan & Tally,* for the appellees, Home Telephone Company and city of Hattiesburg.

The amended declaration alleged that the Home Telephone Company's wire was a "low potential" wire, and therefore harmless in a normal condition. This being true it was necessary for the appellants to charge with clearness and certainty that the wire had become transformed from a harmless wire to one capable of producing death, by reason of the negligence of the said appellee, and that such negligence was the proximate cause of the injury.

The Home Telephone Company does not come within the rule invoked by counsel for appellants that persons or corporations handling the dangerous agencies of electricty are bound, and justly bound, to the very highest measure of skill and care in dealing with these deadly agencies.

The Home Telephone Company's wire could not become dangerous until it had come in contact with and been charged by some high potential wire. This being true this appellee was not required to use all the precautions in constructing and main-

taining its wires that a company operating a high potential wire is required to use, nor was it necessary that it should have its wires insulated, nor, under the allegations of the declaration, was it necessary for it to have its guard and guy wires insulated.

The appellants by alleging that the appellees were operating a wire, harmless in its normal condition, have assumed the heavy burden of taking the appellee out of the harmless class and placing it in the dangerous class. We submit that they have wholly failed to meet this burden.

The first allegation of the amended declaration affecting the Home Telephone Company is in substance that its wires were strung in places without due and proper regard to their proximity to the wires of the Hattiesburg Traction Company. The second allegation of the amended declaration is that insulated guard-wires and irons were omitted at places where they should have been placed. The third is that insulators were not installed as a part of the guy wires of the poles of the appellee. Considering these three allegations from the view point that the amended declaration has alleged that this appellee's wire is in itself harmless, and that it devolves on the appellants to clearly show wherein it became dangerous, it is apparent that this appellee was not called on to reply save by demurrer.

The allegation of the amended declaration that the wires of the Home Telephone Company were constructed in many places without regard to their proximity to the wires of the Hattiesburg Traction Company is a mere general conclusion of the pleader and furnishes the court no information. The allegation should have been more definitely stated, and the places and the nearness to the Traction Company's wires should have been alleged, in order that the court may see for itself. The second allegation assumes that insulated guy wires should have been used by the said appellee, without charging that they were necessary anywhere, and they were omitted at all places where they should have been constructed and provided. The court is left to find out where these places were if it can. The third allegation as-

sumes that the Home Telephone Company in using a harmless wire, must provide insulators as a part of any of the wire used for the support of the poles. Again the court is left to draw on its own knowledge of what a proper insulator is and why, when and where it should be used, but it is informed by the declaration that such things are needed somewhere or other.

The appellants totally failed to fix liability on the city of Hattiesburg for the injury complained of. While it may be true that Berry was killed by touching the fire alarm wire of the city yet there is no evidence in the record to show that this wire was charged with the deadly current on account of the city's negligence, nor is there any evidence to show that after this wire became charged with the deadly current, if it was so charged, the city had notice of its condition and neglected to attempt to correct the same. On the contrary, all the evidence shows great promptness on the part of the city, through its representative, in preventing the injury. The truth is that the record totally fails to disclose the cause of this injury, and as the law puts the burden on the plaintiffs of producing testimony to show that the injury was caused by the negligence of the city and that its negligence was the proximate cause of the death and as the appellants have failed to meet these requirements, a peremptory instruction for the city necessarily followed.

The motion for a new trial on the ground of newly discovered evidence was totally insufficient on its face and should have been overruled for that reason. The appellants did not show that this evidence could not have been discovered and produced at the trial by reasonable diligence. See *Vanderburg v. Campbell,* 64 Miss. 89.

Whitfield, C. J., delivered the opinion of the court.

The demurrer of the Home Telephone Company to the amended declaration should manifestly have been overruled. The averments of that declaration, when the difficulty of locating the responsible party is held in mind in this tangled web of

facts, and especially when the death is due to the mysterious and still largely unknown force of electricity, sufficiently stated a cause of action, so far as the declaration is concerned.

The learned counsel for the appellants concede in their brief that they have made no case against the Cumberland Telephone & Telegraph Company.

As to the two remaining defendants, the city of Hattiesburg and the Traction Company, we think the evidence was sufficient to take the case to the jury, looking at the whole evidence and giving the evidence its proper weight, especially the testimony of the witness Foster. It was peculiarly a case, under all the circumstances, for solution by the jury. It is perhaps fair to say that on this record a stronger case is made against the city of Hattiesburg than against the Traction Company; but whether one or the other is liable, or whether either is liable, should be left to the jury to say on the testimony.

The action of the court below was correct on this record with regard to that ground of the motion for a new trial setting up the newly discovered evidence of the witness Coll. Due diligence was not shown in ascertaining this testimony. Since there must be a new trial, we forbear any further comment.

The result is that the judgment of the court below, so far as the Cumberland Telephone & Telegraph Company is concerned, is affirmed, the judgment of the court below in sustaining the demurrer of the Home Telephone Company to the amended declaration is reversed, and the action of the court in giving the peremptory charge to find for the defendants is also reversed, and the cause remanded for a new trial as indicated.

*Reversed.*