Gulfport & Mississippi Coast Traction Co. *v.* Hicks.

[76 South. 873, Division B.]

1. Carriers. *Passengers. Statutory presumptions. "Running." Code* 1906, *section* 1985. *Laws* 1912, *chapter* 215.

Under Code 1906, section 1985, as amended by Laws 1912, chapter 215, providing that in all actions against railroad corporations and all other corporations, companies, partnerships, and individuals using engines, locomotives, or cars of any kind or description whatsoever, propelled by the dangerous agencies of steam, electricity, gas, gasoline, or lever power and running on tracks, for damages done to persons or property, proof of injury inflicted by the running of the engines, etc., shall be *prima-facie* evidence of the want of reasonable skill and care,

and that the section shall apply to passengers and employees of railroad corporations and other such corporations, etc.  The word "running" is not to be literally applied, for otherwise the statute might be given an absurd construction but "run" should be treated as equivalent to the word "operate" and hence the section applies to a passenger on an interurban electric car who was standing on the back platform while the car was stationery awaiting a clear track and was injured by a shock received ·from the controller of the car upon which he was standing.

2. Carriers. *Carriage of passengers. Presumption. Res ipsa loquitur.* Where a passenger on an electric car received a shock while leaning against a controller, and such shock was ordinarily impossible in the absence of negligence, a presumption of negligence on the part of the carrier arises under the doctrine of *res ispa loquitur.*

Appeal from the circuit court of Harrison county. Hon. J. H. Neville, Judge.

Suit by D. A. Hicks against the Gulfport & Mississippi Coast Traction Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*White & Ford,* for appellant.

Counsel for appellee practically abandons the principle of *res ipsa loquitur,* upon which he depended altogether in the court below, as the ground upon which he asked a verdict from the jury; and he pitches his case in this court upon our *prima-facie* statute and cites three cases from the supreme court of Georgia to the effect that under the the Georgia statute the term "running" was not restricted to actual motion, but applied to the general operation of the train, or cars or machinery.

We will undertake to show that the cases cited from the Georgia courts do not uphold the contention of appellee.

The Georgia statute provides: "A railroad company shall be liable for any damage done to persons, stock, or other property by the running of the locomotives or cars

or other machinery of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." (Italic ours.) *Ga. Ry. Co.* v. *Reeves,* 51 S. E. 610.

Under section 1645, Code of 1906, as amended by Acts of 1912, chapter 215, a *prima-facie* presumption of negligence arises in actions against railroads, corporations, companies, partnerships, and individuals "using engines, locomotives or cars of any kind or description whatsoever, propelled by the dangerous agencies of steam, electricity, gas, gasoline or lever power and running on tracks for damage done to persons, or property, inflicted by the running of the engines, locomotives or cars," etc.

The court will note the distinction between the broad scope of the Georgia statute, which raises the presumption in cases arising from the running of cars, or machinery, stationary or otherwise, or from any act of an employee, and which puts the burden of proof in all cases upon the railroad, and our statute which restricts its application to cars, engines and locomotives running on tracks.

We can readily see how the courts of Georgia would apply the broad statute of that state to cases where the injury is not caused by the motion of the cars, but such a construction of that statute would not be a precedent for a like construction of section 1645 of the Mississippi Code, or chapter 215 of Acts of 1912.

The Georgia court in one of the cases cited by counsel, being a case where plaintiff was injured by the bursting under the wheels of a train in operation, of two torpedoes on the track, where it was doubtful whether the torpedoes were placed on the tracks by employees of the railroad or by outsiders, held that the statute did not apply until it was shown that the torpedoes were thus placed on the tracks by the employees of the defendant; holding that it was not caused by negligence in the operation of the train, but that in order to hold the defendant liable,

it must be shown that the injury was caused by the act of an employee of the company before the statutory presumption of negligence would arise. *Smith* v. *A. C. L. Ry.,* 62 S. E. 1021, (cited by appellee).

In another of the cases cited by learned counsel for appellee the statute is applied where a passenger was hurt while being transferred from one car to another, through the negligence of the railway company, in putting out the lights and giving the car a sudden jerk, the courts holding that a jerk of the car while a passenger is alighting is a part of the running of the car. *Georgia Ry. & Electric Company* v. *Reeves,* 51 S. E. 612.

*Seaboard Air Line* v. *Bishop,* 63 S. E. 1103, cited in the brief of appellee, was a case where a conductor on a freight train in passing over a flat car loaded with freight in the performance of his duty as conductor, and while the train was running, stepped on a nail sticking between some material on the flat car and stuck the nail in his foot. By a divided court it was held that the injury was inflicted by the actual running of the train.

The supreme court of Florida, in applying a statute identical with the Georgia statute, limits its application to cases strictly within its terms. *A. C. L. Co.* v. *Mc-Cormack* (Fla.), 52 So. 712; *F. E. C. Ry. Co.* v. *Johnson* (Fla.), 70 So. 397.

The Arkansas supreme court held that in a statute similar to ours the term "running" should be applied in its narrow and restricted sense of causing trains to be moved or propelled. *St. Louis & Santa Fe Ry. Co.* v. *Cooksey,* 69 S. W. 259, 70 Ark. 418.

But if we use the term "running" interchangeably with "operating," and give it the broadest possible meaning still the car in the instant case, which was standing motionless, could not with reference to this accident have been said to be operating, so as to charge an injury caused by a stroke of lightning to the operating of the car, until it is shown that those in control of it did some duty, that at least contributed to appellee's injury.

There could be no statutory presumption independent of the doctrine *res ipsa loquitur*, and if this doctrine applies it furnished the presumption of negligence itself, and, therefore there is no place for the statutory presumption.

No matter whether the term "running" is construed to include the term "operating" in its broadest sense, or is restricted to the narrowest meaning of the word used by the lawmakers, the all sufficient answer to appellee's contention is that it is nowhere shown that appellant caused, or contributed in any way to appellee's alleged injury, either by "running" or "operating" its cars or otherwise. So there is no act or omission of appellant to support the statutory presumption.

*Mize & Mize* and *G. E. Williams,* for appellee.

We will now notice appellant's contentions as to its grounds for complaint in the order in which they come. First, appellant says that it was entitled to peremptory instructions; that the presumption does not apply in a case of this kind. There are two answers to this: First, the *prima-facie* statute does apply notwithstanding that the car had technically stopped. The phrase, "running" of the cars, does not have reference alone to the actual motion of the cars but to the operation of the car.

A Georgia case lays down the following: The word "running" as used in the Civil Code of 1895, by section 2321, creating a presumption of negligence against a railroad company where damage is done by the running of its locomotives, cars or machinery, does not refer so much to the actual motion as it does to the general operation of its cars or machinery. *Smith* v. *A. C. L.,* 62 S. E. 1020, 5 Ga. App. 219.

If a car containing passengers is stopped while in transit and the passengers are directed by the conductor to change to another car which is on a track parallel to the first, and if, while they are so doing, the employees of

the company put out the lights of the first car and caused it to jerk suddenly, resulting, in injury to a passenger who is in the act of making the change, this would be "injury resulting from the running of the cars." *Ga. Ry. & Elec. Co.* v. *Reeves,* 51 S. E. 610, 123 Ga. 697.

This is practically the instant case. Here appellee was waiting to get around a disabled car, when all of a sudden by shock from the controller of the car he was on, appellee was injured.

Where a train pulls up to a station and stops and a passenger in alighting is injured because the step of the car is broken or wanting, technically speaking the train is not "running" in the sense of being in actual motion at the instant when the passenger is alighting. But he is injured by the running of the train in the sense that it is being operated, and that as a part of such operation, the company must allow passengers proper opportunity for alighting.

*Seaboard Air Line* v. *Bishop,* 63 S. E. 1103, 132 Ga. 71. thus holding that when a train is stopped at the station and a passenger is alighting and the step of the car is broken and the passenger is injured, the *prima-facie* statute applies.

But second, if we should be mistaken in this, the doctrine of *res ipsa loquitur* applies, as laid down in the case of *Railroad* v. *Groome,* 97 Miss. 207.

Stevens, J., Delivered the opinion of the court.

On all points raised by appellant this case must be affirmed. The only assignment which merits any discussion is the contention that the *prima-facie* statute (section 1985, Code of 1906, as amended by chapter 215, Laws of 1912) is not applicable to the state of facts presented by this record. This statute as amended reads:

"1985 (1808). Injury to persons or property by railroads *prima-facie* evidence of want of reasonable skill and care, etc.—In all actions against railroad corpor-

ations and all other corporations, companies, partnerships and individuals using engines, locomotives, or cars of any kind or description whatsoever, propelled by the dangerous agencies of steam, electricity, gas, gasoline or lever power, and running on tracks, for damages done to persons or property, proof of injury inflicted by the running of the engines, locomotives or cars of any such railroad corporations or such other corporation, company, partnership or individual shall be *prima-facie* evidence of the want of reasonable skill and care of such railroad corporations, or such other corporation, company, partnership or individual in reference to such injury. This section shall also apply to passengers and employees of railroad corporations and of such other corporations, companies, partnerships and individuals."

In this case the plaintiff was a passenger upon one of the regular interurban electric cars of appellant company. His injury was the result of a shock by electricity from the controller of the car, against which the plaintiff was leaning. The plaintiff was standing on the back platform of the car smoking; there was a disabled car just ahead, and the car on which plaintiff was a passenger had stopped and was waiting for a clear track. It is contended that the phrase in the statute "running of the cars" contemplates the actual motion of the cars, and that, inasmuch as the car on which plaintiff was shocked was not moving, the *prima-facie* statute does not apply. This statute, we think, has reference to something more than the actual locomotion, and should be interpreted as meaning the operation of the car. To give to the word "running" its literal meaning would narrow the application of the statute, circumscribe its effect, and greatly impair its usefulness as a salutary rule of evidence. The statute takes account of the hazard to passengers and employees from "dangerous agencies of steam, electricity, gas, gasoline, or lever power," and makes the proof of injury "inflicted by the running of the engines, locomotives, or cars" *prima-facie* evidence

of the want of reasonable skill and care of the defendant company, partnership, or individual "in reference to such injury." The object of the statute justifies us in refusing to give to the word "running" a literal construction. If we did, we could easily reach conclusions that would be more absurd than reasonable. Under such interpretation, to be logical, the locomotive or cars would always have to be in motion before the statute would apply, and we can conceive of many instances clearly within the scope and purpose of the act where the injury would be inflicted by the negligent operation of the cars. Under such literal construction as contended for, the sudden stopping of a car resulting in injury would not really present a case of "running." If there should be a head-on collision and derailment, a passenger might not be injured at all while the cars were in motion, but could easily be broken up by a derailment, or injured by water, escaping steam, or fire resulting from such collision. In the present case the car was actually engaged in transporting passengers and had stopped momentarily, waiting for a clear track. The trolly wire was a high tension wire conveying a heavy voltage of electricity. Under the theory and proof for the plaintiff the controller against which Mr. Hicks was leaning should not and under normal conditions would not have been charged with electricity. The fact that the controller was heavily charged, and that voltage was so great as to knock appellee down, is sufficient to raise a presumption of negligence against the company. It was not error, therefore, to grant the instruction complained of. There is very little difference between the Georgia statute and our statute, and the views we express and the interpretation we place upon our statute is in line with the construction placed by the Georgia court upon their statute, as shown by the opinions in *Georgia Ry. Co.* v. *Reeves,* 123 Ga. 697, 51 S. E. 610; *Seaboard Air Line* v. *Bishop,* 132 Ga. 71, 63 S. E. 1103. In the Bishop Case the court employed the following illustration:

"A train pulls up to a station, and stops. A passenger in alighting is injured because the step of the car is broken or wanting. Technically speaking, the train is not 'running,' in the sense of being in actual motion, at the instant when the passenger is alighting. But he is injured by the running of the train in the sense that it is being operated, and that, as a part of such operation, the company must allow passengers proper opportunities for alighting."

In the present case, according to the plaintiff's testimony, the agency which caused the injury was under the control of the defendant, and it is shown that under normal conditions, with proper equipment, the proper insulation of wires, the use of lightning arresters, and by having the controller properly grounded, the accident would not happen. If the accident under ordinary circumstances would not happen if reasonable care is employed, then the negligence of the defendant should be presumed, and this presumption should yield only to positive proof. The history of our present statute must be kept in mind. As it appeared in the Code of 1880, section 1059, it did not embrace or protect passengers. In its present form it is expressly made applicable to passengers. This fact materially differentiates the present case from *Railroad Co.* v. *Trotter,* 60 Miss. 442.

In so far as the doctrine of *res ipsa loquitur* may be applicable to the present case, the Trotter Case is authority. It is there stated by Judge Coopers:

"As to injuries resulting from causes which ordinarily exist only by reason of the negligence of the carrier, it has been held that proof of the injury and the character of the carrier is sufficient to establish a *prima-facie* right of recovery, and to entitle the plaintiff to judgment unless rebutting testimony is introduced by the carrier, Hutchinson on Carriers, 801, and authorities cited."

See, also, *Railroad Co.* v. *Conroy,* 63 Miss. 562, 56 Am. Rep. 835.

Our court, in *Railroad Co. v. Humphrey,* 83 Miss. 722, 36 So. 154, reviewed and discussed the holding in the Trotter and Conroy Cases, and, among other things, stated:

"In the Conroy Case the plaintiff was injured while a passenger, by the running of the train, but that injury was caused by a collision of the train with an animal on the track, and therefore, from the nature of the accident, negligence of the carrier was implied, but this was not by reason of the statute, but because the doctrine of *res ipsa loquitur* applied."

It will be noted that the instruction complained of in the case at bar simply told the jury that if they believed from the evidence that the plaintiff was injured the law presumes that this injury resulted from the negligent failure of the defendant company to furnish a reasonably safe and secure car in which the plaintiff was entitled to ride, and if the plaintiff was injured by the controller, as testified to by him, then he had made out a *prima-facie* case. The court did not, in this instruction, expressly say that our statute applies, but as stated by Judge Truly, speaking for the court in the *Humphrey Case, supra*:

"In such cases proof of injury to the passenger joined to the proof of the accident makes out against the carrier a *prima-facie* case of failure to observe that high degree of care required of it under the law, and, if not rebutted, entitles the plaintiff to recover."

It may be conceded, then, that the statutory presumption conspires with the doctrine of *res ipsa loquitur,* and that both are applicable under the facts of this case. Our court, in *Railroad Co. v. Groome,* 97 Miss. 201, 52 So. 703, discusses the maxim *res ipsa loquitur,* and states that:

"It is applicable 'where, under the circumstances shown, the accident presumably would not have happened if due care had been exercised.'"

In the Groome Case appellee Groome was an employee of the railway company and in the discharge of his duty stepped from a train of cars upon a defective plank walk between a side and main track of the railway company. That case, in so far as it discusses the application of the maxim as between master and servant, of course, is not in point here. See, also, *Berry et al* v. *Cumberland Tel. & Tel. Co. et al.,* 95 Miss. 729, 50 So. 69.

Our present section 1985, Code of 1916, was applied in the case of *Illinois Central R. R. Co.* v. *Thomas,* 109 Miss. 536, 68 So. 773; a case where fire was set out by one of the locomotives of the railway company. It was there stated:

"On the evidence we think the question of whether or not the fire was set out by this train was for the jury, and if it was set out by this train, then under section 1985 of the Code, negligence on appellant's part in this connection must be presumed, there being no evidence disclosing the facts and circumstances under which the fire was in fact set out."

Suppose the locomotive which set out the fire in the Thomas Case had been standing upon the track at the time the sparks were emitted, could there be any different application of the statute? Proof of the injury is, of course, made the basis of any application of the statute. According to the plaintiff's testimony in the case at bar, he was injured by an unusual current of electricity conveyed through an instrument that under normal conditions would be innocent and harmless; a necessary appliance, however, in the transportation department of appellant.

It is interesting to observe the construction placed by the supreme court of the United States upon our *prima-facie* statute. *Mobile, J. & K. C. R. R.* v. *Turnipseed,* 219 U. S. 35, 31 Sup. Ct. 136, 55 L. Ed. 35, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463. The court, by Mr. Justice Lurton, uses the word "operation" as synonymous with the statutory word "running." The opinion

says, "injuries arising from the actual operation of railway trains or engines; and again, "evidence showing an injury due to the operation of trains or engines is only *prima-facie* evidence of the want of reasonable skill and care," etc. The injury here sued for, according to the plaintiff's theory and proof, was due to the operation of the cars, and this being so, our statute applies. The supreme court of Georgia, in *Augusta & S. R. Co.* v. *Randall,* 79 Ga. 305, 4 S. E. 674, refers to the statutory presumption as being really a common-law presumption which did not for the first time originate in the statute. This is persuasive that in the present case the statutory presumption and the maxim *res ipsa loquitur* conspired to make for the plaintiff a *prima-facie* case, and consequently there was no error in granting the instruction complained of.

Our attention has been directed to no case which puts at rest any question as to the application of the statute to a state of facts here presented, and for that reason we have thought it well to express our views on this point. The other objections argued are not well taken.

*Affirmed.*