The Illinois Central Railroad Company

*v.*

X. F. Siler, Admr.

*Opinion filed October 23, 1907.*

1. Pleading—*when declaration in action against railroad does not depend upon statute for its validity.* Counts in a declaration charging that the defendant company negligently suffered to accumulate upon its right of way combustible material which was set on fire by defendant's engines, and that in endeavoring to suppress the fire and save her dwelling plaintiff's intestate was burned to death, do not depend for their validity upon the statute with reference to combustible material, since before such statute the question whether the presence of dry weeds and grass upon a railroad right of way established negligence was one of fact for the jury.

2. Same—*when counts are not bad for failing to show injury was proximate result of negligence charged.* Counts in a declaration alleging, in substance, that the defendant railroad company negligently permitted combustible material to accumulate upon its right of way, that the same was set on fire by the defendant's engines, and that plaintiff's intestate, using due care for her safety, attempted to suppress the fire and save her dwelling but was burned to death by her clothes becoming ignited, are not bad as for failure to show specifically that the injury was the proximate result of the negligence charged.

3. Negligence—*when negligent act is proximate cause of injury.* To make a negligent act the proximate cause of an injury it is not necessary that the particular injury and the particular manner of its occurrence could reasonably have been foreseen, and it is sufficient if, at the time of the negligence, the wrongdoer, by the exercise of ordinary care, could have foreseen that some injury might result, provided the consequences follow in unbroken sequence from the wrong to the injury, without an intervening efficient cause.

4. Same—*fact that a person will attempt to put out fire to save dwelling should be reasonably anticipated.* One who negligently sets a fire which will probably be communicated to a dwelling house must be held to have reasonably anticipated, as a result of such negligence, that the owner of the dwelling house would use every reasonable effort consistent with his safety to extinguish such fire and save the dwelling, and an injury received by such person, while

attempting, with due care, to extinguish the fire is a proximate result of the negligence in setting the fire.

5. SAME—*negligence, though concurring with accident, creates liability.* One whose negligence causes an injury to another who was using due care for his safety is liable therefor, notwithstanding the negligence concurs with an accident without which the injury would not have occurred.

6. RAILROADS—*when railroad is liable for death resulting from fire caused by its negligence.* A railroad company is liable in damages for the burning to death of a person whose clothing ignited while she was endeavoring, in the exercise of due care for her safety, to save her dwelling house from fire which was spreading toward the house from the railroad right of way, upon which it had been started by the negligence of the company.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Crawford county; the Hon. E. E. NEWLIN, Judge, presiding.

On the 11th day of November, 1905, appellee's intestate, Mrs. Mary E. Mullens, having discovered fire among the dry grass and weeds on her premises adjoining appellant's right of way, in order to stop its progress began raking the leaves between the fire and her house toward the fire, and while doing so her clothing caught fire and she was so badly burned that she died. Her administrator, alleging that the fire was caused by appellant's negligence, brought an action on the case against appellant in the circuit court of Crawford county to recover damages for the injury to the surviving husband and next of kin. He recovered a judgment, which was affirmed by the Appellate Court, and an appeal has now been taken to this court.

JOHN G. DRENNAN, (J. M. DICKINSON, and PARKER & CROWLEY, of counsel,) for appellant.

GEORGE W. JONES, and BRADBURY & MACHATTON, for appellee.

Mr. Justice Dunn delivered the opinion of the court:

Appellant presents two propositions only: First, the declaration does not state a cause of action; second, there is no proof that appellant set out the fire or that the deceased used due care.

The declaration consisted of five counts, the second and fifth of which were substantially alike, and alleged that defendant negligently suffered large quantities of combustible material to accumulate upon its right of way; that fire from one of defendant's engines ignited said combustible material and thence spread and was communicated to the decedent's premises, and while decedent, with all due care and caution for her own personal safety, was endeavoring to suppress said fire and protect her dwelling house on said premises, whose destruction was threatened, her clothing was ignited by said fire, in consequence whereof she was burned and died. The third and fourth counts allege that fire escaped from one of defendant's locomotives by defendant's mere neglect and set fire to certain combustible material on its right of way and decedent's adjoining close, and while decedent, with all due care for her personal safety, was endeavoring to extinguish the fire and protect her dwelling house, which was threatened with destruction, her clothing was ignited and she was burned, and in consequence thereof died.

It is claimed that the second and fifth counts are statutory and therefore bad, because the statute in reference to the accumulation of dangerous combustible material upon the right of way of a railroad company (3 Starr & Cur. Stat. par. 69, p. 3263,) refers back to the preceding section for its penalty, and applies only to stock and not to persons. But these counts do not refer to the statute and do not depend upon it for their validity. Before the statute, while the presence of dry grass and weeds upon the right of way of a railroad company was not conclusive evidence of negligence, yet the question of negligence was one of fact, to

be determined by the jury from all the circumstances in the case. *Illinois Central Railroad Co.* v. *Mills*, 42 Ill. 407.

It is insisted that all the counts are bad, because they show, specifically, that the injury to decedent was not the proximate result of the negligence charged.

What is the proximate cause of an injury is ordinarily a question of fact, to be determined by the jury from a consideration of all the attending circumstances. (*Fent* v. *Toledo, Peoria and Warsaw Railway Co.* 59 Ill. 349; *Pullman Palace Car Co.* v. *Laack*, 143 id. 242; *West Chicago Street Railroad Co.* v. *Feldstein*, 169 id. 139.) It can only arise as a question of law or pleading when the facts are not only undisputed, but are also such that there can be no difference, in the judgment of reasonable men, as to the inferences to be drawn from them. The counts all allege, substantially, that the fire was communicated to the decedent's premises by the negligence of appellant. They all allege, substantially, that while the deceased, with all due care for her safety, was trying to extinguish the fire, her clothing was ignited and her burning and death resulted. The question presented, so far as the demurrer is concerned, is whether one who has negligently set fire to another's premises can be held liable for damages caused by burning the owner while engaged in trying, with reasonable prudence and care, to extinguish such fire.

Even though one's property has been negligently set on fire by another, the owner cannot permit it to be consumed without an effort to save it and then claim re-imbursement from the setter out of the fire. He must use every reasonable effort, consistent with his personal safety, to preserve the property. (*Toledo, Peoria and Warsaw Railway Co.* v. *Pindar*, 53 Ill. 447; *Chicago and Alton Railroad Co.* v. *Pennell*, 94 id. 448.) Where a person sees his property exposed to imminent danger through the negligence of another, he is justified in using every effort to save it which a reasonably prudent person would use under similar cir-

cumstances, even though the effort exposes him to some danger which he would otherwise have avoided. Due care depends upon the circumstances surrounding the action. It is to be determined with reference to the situation in which he finds himself at the time. What is due care in one situation might be gross recklessness under different circumstances. Every one is bound to anticipate the results naturally following from his acts. The appellant was therefore bound to anticipate, when the fire started, that the decedent would try to put it out. This she was doing, and the allegation is that she was using all due care and caution for her own personal safety. If in so doing the fire which appellant had negligently set out spread to and ignited her clothing without any want on her part of the care which an ordinarily prudent person would exercise under the circumstances, the appellant should be held to have anticipated such result as probable and to be liable therefor.

In order to make a negligent act the proximate cause of an injury it is not necessary that the particular injury, and the particular manner of its occurrence, could reasonably have been foreseen. (*City of Dixon* v. *Scott*, 181 Ill. 116.) If the consequences follow in unbroken sequence from the wrong to the injury without an intervening efficient cause, it is sufficient if, at the time of the negligence, the wrongdoer might, by the exercise of ordinary care, have foreseen that some injury might result from his negligence. *Chicago and Alton Railroad Co.* v. *Pennell, supra; Pullman Palace Car Co.* v. *Laack, supra; Chicago Hair and Bristle Co.* v. *Mueller,* 203 Ill. 558.

The rule as to what constitutes proximate cause was considered in the case of *Atchison, Topeka and Santa Fe Railroad Co.* v. *Stanford,* 12 Kan. 354, and it was said: "Any number of causes and effects may intervene between the first wrongful cause and the final injurious consequence, and if they are such as might with reasonable diligence have been foreseen, the last result, as well as the first and every

intermediate result, is to be considered, in law, as the proximate result of the first wrong cause. But whenever a new cause intervenes which is not a consequence of the first wrongful cause, which is not under the control of the wrongdoer, which could not have been foreseen by the exercise of reasonable diligence by the wrongdoer and except for which the final injurious consequence could not have happened, then such injurious consequences must be deemed too remote to constitute the basis of the cause of action."

In *Milwaukee and St. Paul Railway Co.* v. *Kellogg,* 94 U. S. 469, it is said: "The question always is, was there an unbroken connection between the wrongful act and the injury,—a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? * * * The inquiry must, therefore, always be whether there was any intermediate cause, disconnected from the primary fault and self-operating, which produced the injury."

It is true that in this case the voluntary act of the decedent intervened between the negligent act of the appellant in setting out the fire and the injury occasioned by the burning of decedent. But this act was one of the intervening causes which the appellant with reasonable diligence might have foreseen. It was a consequence of the wrongful act of appellant which it ought to have anticipated. It was not a new and independent cause intervening between the wrong and the injury or disconnected from the primary cause and self-operating, but was itself the natural result of appellant's original negligence.

The case of *Seale* v. *Railway Co.* 65 Texas, 274, has been cited by appellant and fully sustains its position. That case holds, that whether the deceased was negligent or not in her attempt to put out the fire, it was this attempt, and not the original negligence of the defendant in starting the flame,

that was the proximate cause of her death. . This case was followed by the Missouri Court of Appeals in *Logan v. Wabash Railroad Co.* 70 S. W. Rep. 734. In the case of *Chattanooga Light and Power Co.* v. *Hodges,* 109 Tenn. 331, the injury resulted from "an act committed by the injured party so obviously fraught with peril as should be sufficient to deter one of reasonable intelligence." The court, while reversing the judgment against the defendant, said: "The rule has been extended so as to give the injured party redress where his effort to save property has been such as a reasonably prudent man would have made under similar circumstances."

The cases which sustain the position of the appellant we think are wrong in principle and opposed to the weight of authority. One whose property is exposed to danger by another's negligence is bound to make such effort as an ordinarily prudent person would to save it or prevent damages to it. If in so doing, and while exercising such care for his safety as is reasonable and prudent under the circumstances, he is injured as a result of the negligence against the effect of which he is seeking to protect his property, the wrongdoer whose negligence is the occasion of the injury must respond for the damages. It is not just that the loss should fall on the innocent victim. We regard this as the result of the authorities which we have been able to examine, aside from the two above mentioned as sustaining the position of appellant. *Berg* v. *Great Northern Railway Co.* 70 Minn. 272; *Liming* v. *Illinois Central Railroad Co.* 81 Iowa, 246; *Glanz* v. *Chicago, Milwaukee and St. Paul Railway Co.* 119 id. 611; *Wasmer* v. *Delaware, Lackawanna and Western Railroad Co.* 80 N. Y. 212; *Page* v. *Bucksport,* 64 Me. 51.

The declaration was sufficient to support the judgment.

There was evidence tending to show that appellant had allowed dry grass and weeds to accumulate upon its right of way; that the fire started in such grass and weeds and spread to the deceased's premises immediately after the pas-

sage of a gravel train of appellant; that the deceased commenced to rake the grass and leaves on her lot and near her house, and while doing so her clothes caught fire; that the fire was started by the negligence of appellant, and that the deceased exercised ordinary care, under the circumstances, for her own safety. In this condition of the record the judgment of the Appellate Court is final as to the facts.

Appellant insists that if the deceased was not guilty of contributory negligence she was injured as the result of a pure accident. But the law is well settled in this State that a defendant is liable for an injury caused to one using due care for his personal safety by the defendant's negligence concurring with an accident without which the injury would not have occurred. *City of Rock Falls* v. *Wells,* 169 Ill. 224; *City of Joliet* v. *Shufeldt,* 144 id. 403; *Village of Carterville* v. *Cook,* 129 id. 152; *Armour* v. *Golkowska,* 202 id. 144.

We find no error in the record, and the judgment will be affirmed.                              *Judgment affirmed.*