## ILLINOIS CENT. R. CO.

v.

## GAINES.

### No. 14447.

United States Court of Appeals
Fifth Circuit.

March 19, 1954.

James L. Byrd, Jackson, Miss., J. H. Wright, John W. Freels, Chicago, Ill., Byrd, Wise & Smith, Jackson, Miss., of counsel, for appellant.

R. L. Smallwood, Jr., Chester L. Sumners, Will A. Hickman, Oxford, Miss., George Payne Cossar, Charleston, Miss., for appellee.

Before BORAH and RUSSELL, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

Appellant was the defendant in the damage suit brought to recover for injuries received in returning from extinguishing a fire on the railroad right-of-way. Its section foreman and crew had burned off the right-of-way in front of Gaines's house, which was some 30 or 40 feet from the line of the railroad property. They left the location about 11:00 A.M., after, as they thought, they had

completely extinguished the fire; but, about 9:00 o'clock that evening a neighbor next door observed a stump, or snag, burning on the right-of-way from which sparks were flying and the wind was blowing in the direction of Gaines's house. He called the latter for the reason that, in his judgment, the situation was dangerous and Gaines, having retired, got up, dressed, obtained a bucket of water, went over and extinguished the fire. Gaines testified that in going over, he was able to see but after the fire had been put out, he could not see so well, and, either forgot or misjudged the location of a ditch about three feet deep, fell in and "broke my foot * * * I could not get up and crawled back to the house and a neighbor took me to the doctor that same night." The accident happened on November 29, 1950, and he was on crutches until July of the next year.

The negligence charged in the complaint was "failure (by the railroad) to extinguish the fire on its right-of-way and failing to keep same under control; and in leaving the scene without someone in charge and there was no equipment for extinguishing or controlling it * * * ". The answer was a general denial, except "it admits that at said time complainant did injure his foot" but defendant had no knowledge as to the extent.

The case was tried to the court without a jury, resulting in a judgment for plaintiff. It found the facts and announced conclusions of law as follows:

"The Court:

"The Court finds as a matter of fact the action of the defendant in setting the fire in question and in not seeing that it was put out, was negligence and the proximate cause of plaintiff's injury.

"The plaintiff acted as a normal and prudent man would have done in undertaking to put it out as it was an apparent and probably a real danger to his house. The plaintiff knew that ditch into which he stepped was there, but in the night and the excitement of the situation overlooked this fact. I do not think this negligence in failing to remember this and guard himself against danger was such negligence on his part as to relieve the defendant from their negligence.

"I think the accident came as the result of the concurrent negligence of the parties about equal in proportion.

"The pleadings are amended to conform to the proof.

"The entire damage is fixed at Five Thousand ($5,000.00) Dollars. It is diminished by fifty per cent under our contributory negligence statute, and the plaintiff is given a judgment for Two Thousand Five Hundred ($2,500.00) Dollars together with the costs."

Appellant contends that under the facts first recited above, and as found by the court, no ground for recovery was disclosed in that no negligence by it was proven, and the sole proximate cause of the injury was the contributory negligence of the appellee. It excepted to the overruling of motions for judgment both at the conclusions of plaintiff's case and at the end of the trial, as well as court's denial of a motion to vacate the judgment or grant a new trial.

Appellant's counsel cites 22 Am.Jur., pages 621, et seq., quoting Section 43; [1] also Illinois Central Railroad Company v. Siler, 229 Ill. 390, 82 N.E. 362, 363, 15 L.R.A.,N.S., 819, and C.J., vol. 45, 913; 65 C.J.S., Negligence, § 109.

In considering Section 43, it is necessary to include Section 40 [2] at page 619

---

[1]. Sec. 43, 22 Am.Jur. 621 et seq.

"Generally.—Generally, in order to impose liability for loss or injury by fire, such loss or injury must have proximately resulted from the negligent or wrongful act complained of. The person charged is responsible only if the loss which has resulted is the natural result of his carelessness or wrongful act and is such as might have been foreseen by a reasonable person in the exercise of ordinary care."

[2]. Sec. 40, 22 Am.Jur. 619.

"One whose property is exposed to danger by fire by another's negligence or

of the same volume of American Jurisprudence. In Illinois Central Railroad Company v. Siler, appellant's decedent "having discovered fire among the dry grass and weeds on her premises adjoining appellant's right-of-way, in order to stop its progress, began raking the leaves between the fire and her house toward the fire, and while doing so her clothing caught fire and she was so badly burned that she died." There was judgment for plaintiff and the railroad company appealed. The principles of law involved were stated, as reflected in the syllabus.[3]

Presumably the reference to page 913 of 45 C.J. was to Section 483, though not given. This section deals with "Consequences that should have been foreseen".[4] This citation was in connection with the contention that since the railroad employees made reasonable efforts to completely extinguish the fire, it was not negligence to leave the premises for some ten hours without further checking, when in fact the fire had not been completely extinguished, as disclosed by subsequent events. This involved questions of both fact and law, that is as to what was actually done and its reasonableness, which were decided adversely to appellant.

In support of his position and in answer to appellant's contention, appellee cited many authorities including several cases of the courts of Mississippi, whose law, of course, controls, to wit: Illinois Central Railroad Company v. Thomas, 109 Miss. 536, 68 So. 773; Brister & Co. v. Illinois Cent. R. Co., 84 Miss. 33, 36 So. 142; Yazoo & Mississippi Valley R. Co. v. Fields, 188 Miss. 725, 195 So. 489, 196 So. 503. He also cited decisions of this court on the question of proximate cause and to the effect that findings of the lower judge on questions of fact are conclusive, if sustained by substantial evidence. Foran v. Commissioner, 5 Cir., 165 F.2d 705; Des Isles v. Evans, 5 Cir., 200 F.2d 614.

Without finding it necessary to analyze these cases, it is sufficient to say that they support appellee's contention and the decision of the lower judge. The latter also found appellee was guilty of contributory negligence, presumably by not keeping a proper lookout for the ditch which he had crossed in going to put out the fire, and apportioned the responsibility equally between the parties, which is in accordance with the Mississippi law, although he evidently found that the injury to appellee was serious and fixed

wrongful act is justified, whether or not he is bound, to make such an effort as an ordinarily prudent person would make to save it or prevent damages to it. If in so doing, and while exercising such care for his safety as is reasonable and prudent under the circumstances, he is injured as a result of the negligence against the effect of which he is seeking to protect his property, the wrongdoer whose negligence is the occasion of the injury must respond for the damages."

3. 82 N.E. 362

"Negligence—Proximate Cause—Question of Law or Fact.

"What is the proximate cause of an injury is ordinarily a question of fact for the jury, and is only a question of law or pleading when the facts are not only undisputed, but are also such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn therefrom.

"4. Same—Proximate Cause.

"In order to make a negligent act the proximate cause of an injury, it is not necessary that the particular injury and particular manner of its occurrence could reasonably have been foreseen; but if the consequences follow in unbroken sequence from the wrong to the injury, without an intervening efficient cause, it is sufficient if at the time of the negligence the wrongdoer might by the exercise of ordinary care have foreseen that some injury might result from his negligence."

4. 45 C.J. 913

"In addition to the requirement that the result should be the natural and probable consequence of the negligence, it is ordinarily held, subject to limitations hereinafter stated, that the consequence should be one which, in the light of attending circumstances, an ordinarily prudent man ought reasonably to have foreseen might probably occur as the result of his negligence." See, also, 65 C.J.S., Negligence, § 109.

amount thereof including, presumably, doctor's and hospital bills, pain, suffering, etc., amounting to $5,000.00, but reduced the recovery to $2,500.00.

Finding no basis for changing the judgment, it is

Affirmed.