No. 21961.

Anne Esposito *v.* Elmer N. Christopher and Juanita M. Christopher; John F. Bruno Realty Co., a Colorado corporation; and Dorothy Chisholm.

(443 P.2d 731)

Decided July 15, 1968.

Frank A. Bruno, H. D. Reed, for plaintiff in error.

Wood, Ris & Hames, Thomas T. Crumpacker, for defendants in error Elmer N. Christopher and Juanita M. Christopher.

Blunk & Johnson, for defendants in error John F.

Bruno Realty Co., a Colorado corporation, and Dorothy Chisholm.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

WE refer to plaintiff in error as plaintiff or by name, and to the defendants in error collectively as defendants or by their individual names.

Plaintiff alleged that she and her husband were owners of the real property known as 2940 Monaco Boulevard in the City and County of Denver, and that the defendants Elmer N. Christopher and Juanita M. Christopher were the owners of a residence known as 2930 Monaco Boulevard, adjoining that of the plaintiff. She further alleged that the Christophers moved out and vacated their premises; that they listed the property for sale with John F. Bruno Realty Co.; and that Dorothy Chisholm was, at all times mentioned in the complaint, a saleslady for Bruno Realty Co. Plaintiff further alleged that sometime during the morning of September 6, 1964, Dorothy Chisholm, acting as agent for the sale of the property, was in the process of showing it to prospective purchasers. At that time she caused the main valve of the sprinkling system on the property to be opened and left it running at least until about 7:30 A.M. of September 7, 1964; and, as a result much water drained into the residence owned and occupied by plaintiff and her husband. The Espositos brought suit for damages caused by the flooding of their property and for personal injuries to Anne Esposito the plaintiff in error.

Two claims for relief were asserted in the complaint, one of which seeks damages for personal injuries to Anne Esposito based upon the following allegations:

"6. That, at or about 7:30 a.m. September 7, 1964, the plaintiffs, after discovering the continuing flow of

water into their premises, as hereinabove described, for the purpose of preserving, protecting and safeguarding the furniture, fixtures, pictures, equipment, accessories, music boxes and the like, began their removal from the recreation room and/or storage room to the second floor of the family home; that, in so doing, the plaintiff, Anne Esposito, attempted to move a valuable music box from the storeroom and, in so doing, sustained and suffered an abdominal hernia and immediately became ill and disabled; that said hernia several days later became strangulated so as to require immediate surgery and confinement at Mercy Hospital in the City and County of Denver, State of Colorado.

"7. That, as the direct and proximate result of the carelessness, negligence and recklessness of the defendants, and each of them, the plaintiff, Anne Esposito, suffered and sustained the following permanent, painful and disabling injuries:

"(a) An abdominal hernia;

"(b) Divers, multiple and varied injuries to her nervous system."

The second claim is for damages to real and personal property allegedly sustained as a result of the excess water flowing into plaintiff's home.

The defendants filed motions to strike the above-quoted allegations from the complaint, together with portions of the complaint relating to details of the damages claimed for the personal injuries. The motions were grounded on the assertion that the allegations mentioned "are immaterial and fail to state a claim" upon which relief could be granted.

The trial court sustained the motions and dismissed the claim for damages resulting from personal injuries. Thereafter defendants filed answers to the claim for property damage, and Anne Esposito filed a motion to set aside the court's order of May 20, 1965, by which the personal injury claim was dismissed. This motion was denied and in so doing the trial court ordered:

"The Court expressly determines that there is no just reason for delay of the entry of a final judgment on our order and judgment of May 20, 1965 wherein we dismissed Paragraphs 6, 7 and 8 of the Plaintiffs' Complaint, and the Court expressly directs the entry of final judgment on said preliminary ruling of May 20, 1965 whereby we dismissed Paragraphs 6, 7 and 8 of the Plaintiffs' Complaint."

█ We cannot say as a matter of law that the allegations of the complaint were such as to preclude consideration by the jury of the question of proximate causation of the injuries complained of. Depending upon the evidence which might be offered in support of the claim for personal injuries, a question of proximate causation warranting jury consideration under appropriate instructions might be raised. *Wilson v. Northern Pac. Rly. Co.*, 30 N.D. 456, 153 N.W. 429; *Illinois Central R.R. Co. v. Siler*, 229 Ill. 390, 82 N.E. 362; *Wilson v. Central of Georgia Ry. Co.*, 132 Ga. 215, 63 S.E. 1121; *Clayton v. Blair*, 254 Iowa 372, 117 N.W. 2d 879. See also Restatement, Second, Torts § 435.

The judgment is reversed and the cause remanded with directions to proceed to trial upon both claims.

MR. JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.