823 So.2d 1229 (2002)
Robert D. CATES a/k/a Robert Cates, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00534-COA.
Court of Appeals of Mississippi.
August 13, 2002.
*1230 Lesa Harrison Baker, Bogue Chitto, attorney for appellant.
Office of the Attorney General, by Deirdre McCrory, attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES, and BRANTLEY, JJ.
BRIDGES, J., for the court.

Procedural History
¶ 1. Robert Dean Cates was indicted for burglary of a dwelling and grand larceny by the grand jury of Lincoln County. The State filed for and received an order of nolle prosequi on the burglary charge. The trial for the grand larceny charge against Cates proceeded and he was convicted. The trial judge sentenced Cates to *1231 five years in the custody of the Mississippi Department of Corrections, suspended for five years of probation. Cates was also required to pay restitution to the victim and attorney's fees in the amount of $1,000.
¶ 2. Aggrieved, Cates perfected his appeal and comes before this Court citing only one issue for review: was the evidence legally sufficient to sustain a verdict of guilty?
¶ 3. Finding no error, we affirm the decision of the lower court.

Statement of the Facts
¶ 4. On or about March 15, 1999, Ms. Beatrice Holmes left her home with her sister, Ms. Windburn, to visit in a neighboring town. The ladies returned to Brookhaven on March 16, 1999, when Ms. Holmes found her home burglarized. A safe, located inside a closet in one of her bedrooms, was open with approximately $2,000 in cash stolen along with several pieces of old coin money and seven rings. A piggy bank containing coins was also stolen from a different bedroom. The investigation of the crime scene did not recover fingerprints or any other direct evidence. The home was not ransacked and there was no evidence of forced entry into the home.
¶ 5. The Lincoln County Police Department determined that the perpetrator entered the home with a key and had to have access to the combination of the safe. Testimony revealed that only three people had a key to the home and knowledge of the safe's combination: Ms. Holmes, her sister, Ms. Windburn and Ms. Holmes' son, Cates.
¶ 6. Cates voluntarily told the police that he had entered his mother's home on the day in question. He was aware that she may be out of town, but he testified that she often said she was leaving when she would change her mind and not go. Cates testified that he used the phone in the front of the home and never ventured to the back of the house. After Cates left his mother's house, he traveled to Jackson to visit with his children and then to Vicksburg to gamble at the casino boats.
¶ 7. Cates is a self-employed carpenter, painter and home repair man. His estranged wife testified that he has had a problem in the past keeping a steady job and that he intermittently gambled with her or his mother at casinos. Both Cates and his estranged wife testified that Holmes would support them financially whenever they asked for it. Ms. Holmes corroborated this testimony.
¶ 8. As stated, there is no direct evidence linking Cates to the grand larceny, the only crime he was charged with. The State successfully relied solely on circumstantial evidence for the conviction.

Legal Analysis

I. WAS THE EVIDENCE LEGALLY SUFFICIENT TO SUSTAIN A VERDICT OF GUILTY?
¶ 9. The sole argument presented on appeal is that the trial court committed reversible error in denying Cates's renewed motion for directed verdict after the presentation of all relevant evidence. His argument is that the State did not meet its burden of proof for the required elements of grand larceny. Section 97-17-41 of the Mississippi Code specifies the elements of the crime. Subsection (1)(a) states: "[e]very person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of Two Hundred Fifty Dollars ... or more, shall be guilty of grand larceny." Miss.Code Ann. § 97-17-41 (Supp.2001).
¶ 10. Our standard for reviewing challenges to convictions based on sufficiency *1232 of the evidence is well established. The Mississippi Supreme Court has stated:
[T]he sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [Cates's] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury.
McClain v. State, 625 So.2d 774, 778 (Miss. 1993) (citations omitted). We reverse when, with respect to an element of the offense charged, the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty. Id.; Wetz v. State, 503 So.2d 803, 808 (Miss. 1987).
¶ 11. We are of the opinion that the facts in the case at bar do not meet the McClain standard requiring reversal. There was sufficient evidence presented that a reasonable and fair-minded juror could and did find that Cates was the sole perpetrator involved in the case. He had a key to the house and he knew the combination to the safe. Testimony from Cates's estranged wife, his mother, his aunt and from Cates himself corroborated that Cates knew the combination to the safe and that he had opened the safe numerous times for his mother. Furthermore, Cates admitted to being in the home on the day in question and to gambling the same night, although he testified that it had been "maybe a week, maybe a month" since he last worked. The jury was the sole fact finder in the case and we do not sit as a new jury and reevaluate the evidence. As stated in Henson v. Roberts:
The demeanor or bearing, the tone of voice, the attitude and appearance of the witnesses, all are primarily for inspection and review by the jury. The jury not only has the right and duty to determine the truth or falsity of the witnesses, but also has the right to evaluate and determine what portions of the testimony of any witness it will accept or reject; therefore unless it is clear to this Court that the verdict is contrary to the overwhelming weight of the credible testimony, this [C]ourt will not set aside the verdict of a jury.
Henson v. Roberts, 679 So.2d 1041, 1045 (Miss.1996) (quoting Travelers Indemnity Co. v. Rawson, 222 So.2d 131, 134 (Miss. 1969)).
¶ 12. In cases based upon circumstantial evidence, the State is required to prove the defendant's guilt not only beyond a reasonable doubt, but to the exclusion of every reasonable hypothesis consistent with innocence. McRee v. State, 732 So.2d 246, 250(¶ 14) (Miss.1999). Cates attempted to elicit testimony from the State's witnesses to produce doubt in the juror's minds. The jury was provided an instruction as to the required burden of proof placed on the State and it chose to convict Cates. Viewing the evidence in light most consistent with the verdict, we rule that the evidence was sufficient.
¶ 13. Cates relies upon McRee v. State as supporting authority. McRee, 732 So.2d 246, 249-50 (¶¶ 13-18) (Miss.1999). In McRee, the defendant was originally convicted on a burglary charge based solely on circumstantial evidence. Id. at 247 (¶¶ 1-2). This Court affirmed the conviction but was reversed by the Mississippi Supreme Court. Id.
¶ 14. The evidence against McRee was that two men were seen driving in a vehicle which was later determined to be owned by McRee, the victim had allegedly seen that same vehicle in the neighborhood earlier on the morning of the crime, a neighbor saw the vehicle drive past the *1233 home twice and saw the vehicle drive to the back of the home. Id. at 247-48 (¶ 3-7). The neighbor asked McRee what his business was there and McRee responded that he was looking for a girl that lived there. Id. The neighbor told McRee that no one there fit the description of the girl and McRee left the premises. Id. After the victims returned, they found their home had been burglarized. Id.
¶ 15. The supreme court reversed this case based upon "the circumstantial evidence... was insufficient to prove that McRee was involved in this burglary to the exclusion of any other reasonable hypothesis." Id. at 250 (¶ 18).
¶ 16. The McRee case is simply not binding authority on the case at bar. Cates was not tried on the burglary charge. Had he been tried and convicted for burglary based upon the same circumstantial evidence presented in the grand larceny trial, we would have no choice but to reverse the lower court based on McRee. The charge of burglary is a much more difficult crime for the State to prove beyond a reasonable doubt. Burglary consists of the breaking and entering of a dwelling house of another with the intent to commit a crime. Miss.Code Ann. § 97-17-23 (Supp.2001). For the crime of grand larceny, the State need only to prove that Cates took the personal property of another which had a value of two hundred and fifty dollars or more. Miss. Code Ann. § 97-17-41(Supp.2001). The evidence shows that Cates was one of three people with a key to the home, Cates was in the home on the day in question, Cates knew the combination to the safe in the home, Cates had money to gamble, although testimony revealed that it had been a while since he worked last, and the other two people with keys to the home were together in a different town on the day in question and did not have the opportunity to enter the home. We can not say that this evidence fails to meet the burden of beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence. McRee at 250 (¶ 14). Therefore, we affirm the conviction and sentence of the lower court.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY OF CONVICTION OF GRAND LARCENY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WHICH WAS SUSPENDED, AND FIVE YEARS OF PROBATION AND TO PAY RESTITUTION IN THE AMOUNT OF $3,600 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
McMILLIN, C.J., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. SOUTHWICK AND KING P.JJ., CONCUR IN RESULT ONLY.