IRVING, P.J.,
for the Court:
¶ 1. On August 24, 2011, a jury found Stanley McGlasten guilty of uttering a forgery. The Jasper County Circuit Court sentenced McGlasten to six years under the supervision and control of the Mississippi Department of Corrections, with five years to serve, one year suspended, and one year of post-release supervision. The trial court denied McGlasten’s motion for a judgment notwithstanding the verdict (JNOV) or, alternatively, a new trial. McGlasten appeals and argues that the prosecution did not prove beyond a reasonable doubt that he committed the offense. He also argues that the verdict is against the overwhelming weight of the evidence.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Fontrell “Chris” Hughes worked for Steve Aycock at Pit Stop Mufflers in Bay Springs, Mississippi, for a short time in June 2010. During the time Hughes worked for Aycock, Aycock would sometimes leave Hughes alone at the shop. Hughes testified at trial that when Aycock would leave, Hughes would either sit outside the shop or walk to the nearby Piggly Wiggly grocery store. Aycock testified that he always paid Hughes in cash, which Hughes admitted at trial. Hughes testified that he had never had a driver’s license, just an old picture ID from Laurel, Mississippi.
¶ 4. McGlasten, a self-employed mechanic, occasionally took vehicles to Aycock’s muffler shop and saw Hughes working there a few times, even though he did not know Hughes by name. McGlasten testified that Hughes approached him in the Piggly Wiggly parking lot and offered him fifty dollars to cash a payroll check because Hughes did not have the appropriate identification to cash the check. After McGlasten agreed to do so, Hughes went back to the muffler shop, and returned to the parking lot with a payroll check made out to McGlasten. McGlasten testified that the check and Aycock’s signature looked legitimate. McGlasten endorsed the check, cashed it, and gave the cash to Hughes. Hughes, in turn, gave McGlasten fifty dollars. McGlasten testified that he had been in Hughes’s position before, not having an ID and needing others to cash a check for him.
¶ 5. Aycock found a cancelled check written to McGlasten for $502.25 that he did not authorize. Aycock notified the police, and a few days later, McGlasten went to Pit Stop Mufflers to tell Aycock his version of what happened. McGlasten was arrested and charged with uttering a forgery.
¶ 6. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

I. Procedural Bar

¶ 7. A sufficiency-of-the-evidence challenge can be raised in a motion for a *623 directed verdict, made at the end of the prosecution’s case or at the close of all evidence; in a request for a peremptory instruction; or in a motion for a JNOV. Higgins v. State, 725 So.2d 220, 224 (¶ 22) (Miss.1998). “When a criminal defendant files an unsuccessful motion for a directed verdict, then presents his own evidence, and later files a motion for [a JNOV], that motion for [a] JNOV preserves the defendant’s challenge of the sufficiency of [the] evidence.” Jordan v. State, 936 So.2d 368, 372 (¶ 19) (Miss.Ct.App.2005) (citing Odem v. State, 881 So.2d 940, 950 (¶ 34) (Miss.Ct.App.2004)). Here, McGlasten made an unsuccessful motion for a directed verdict at the close of the prosecution’s case, and later filed a motion for a JNOV. Therefore, contrary to the State’s contention that this issue is procedurally barred, we find that McGlasten properly preserved this issue for appeal.

II. Sufficiency of the Evidence

¶ 8. An appellate court will not reverse a jury’s verdict if any rational trier of fact could have found that every element of the offense existed beyond a reasonable doubt. Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005). The “inquiry does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt,” only that all elements existed beyond a reasonable doubt. Id. (internal quotations omitted) (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). The evidence must be considered in the light most favorable to the prosecution. Id. When reviewing challenges based on the sufficiency of the evidence, “[t]he prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence.” Cates v. State, 823 So.2d 1229, 1232 (¶ 10) (Miss.Ct.App.2002) (quoting McClain v. State, 625 So.2d 774, 778 (Miss.1993)). However, facts and inferences considered in a sufficiency-of-the-evidence challenge that “point in favor of the defendant on an element of the offense with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty” justify the reversal and rendering of the verdict. Bush, 895 So.2d at 843 (¶ 16) (quoting Edwards v. State, 469 So.2d 68, 70 (Miss.1985)).
¶ 9. In Nelson v. State, 32 So.3d 534, 537 (¶ 6) (Miss.Ct.App.2009), we established that:
in order to sustain a conviction of uttering a forgery, the State must have proved beyond a reasonable doubt (1) that the defendant published or uttered as true (2) a forged, altered or counterfeit instrument, (3) knowing the instrument to be forged, altered or counterfeited, (4) with intent to defraud.
(quoting Duhart v. State, 927 So.2d 768, 775 (¶ 15) (Miss.Ct.App.2006)). McGlasten argues that the prosecution did not prove the knowledge and intent elements beyond a reasonable doubt. He further asserts that there is a reasonable inference that he genuinely thought the check was legitimate and only wanted to help Hughes.
¶ 10. While there is no direct evidence of McGlasten’s guilty knowledge and intent, the State presented sufficient evidence from which the jury could infer that McGlasten possessed requisite guilty knowledge and intent. Aycock testified that he did not write the check to McGlas-ten, nor did he authorize anyone else to write the check. McGlasten admitted that he took the check to Piggly Wiggly, endorsed the check, and cashed the check. The only evidence that McGlasten offers to rebut the evidence of his guilty knowledge and criminal intent is his testimony that he empathized with Hughes’s situation and *624 McGlasten’s statement that he voluntarily went to the muffler shop to talk to Aycock after hearing that the check was stolen. This evidence hardly points in favor of McGlasten’s lack of guilty knowledge and criminal intent with the “sufficient force” required by Bush. McGlasten is asking us to give him the benefit of the doubt without offering credible evidence that contradicts the verdict. This issue is without merit.

III. Weight of the Evidence

¶ 11. When examining a weight-of-the-evidence challenge, appellate courts will disturb the jury’s verdict only if “convinced that the verdict is ‘so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice.’ ” Williams v. State, 923 So.2d 990, 994 (¶ 15) (Miss.2006) (quoting Bush, 895 So.2d at 844 (¶ 18)). “[T]he power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.” Bush, 895 So.2d at 844 (¶ 18) (quoting Amiker v. Drugs For Less, Inc., 796 So.2d 942, 947 (¶ 18) (Miss.2000)).
¶ 12. This is not an exceptional case of the evidence weighing so heavily against the verdict that it would be unconscionable to affirm. The only evidence that we have is McGlasten’s word that he genuinely thought that Hughes’s request was innocent and legitimate, and that he took the initiative to let Aycock know what happened. The fact that McGlasten may have once been in the situation that Hughes portrayed himself to be in does not negate the knowledge or intent elements of uttering a forgery. Also, McGlasten’s going to Aycock on his own might suggest that he did not know that the check was forged; however, the jury did not believe that he was innocent of wrongdoing. McGlasten’s explanations do not constitute an exceptional case in which the evidence weighs heavily against the guilty verdict. This issue is without merit.
¶ 13. THE JUDGMENT OF THE JASPER COUNTY CIRCUIT COURT OF CONVICTION OF UTTERING A FORGERY AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS TO SERVE, ONE YEAR SUSPENDED, AND ONE YEAR OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JASPER COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.